| | |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE ANN WEST,

        Plaintiff,

   v.

SEAN J STACKLEY, Secretary of the Department of the Navy,

        Defendant.

CASE NO. C17-5273RBL

ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Stackley's Motion to Dismiss. [Dkt. # 8], and on Plaintiff West's Motions for a Conference [Dkt. #26] and for Recusal of U.S. Attorney Annette Hayes [Dkt. #27]. This is one of nine[1] cases West has filed related to her employment at the Puget Sound Naval Shipyard in Bremerton, which ended in August 2016.

---

[1] The cases are:

    *West v. Stackley*, C17-5246RBL,
    *West v. Stackley*, C17-5273RBL,
    *West v. Stackley*, C17-5366RBL,
    *West v. Stackley*, C17-5367RBL,
    *West v. Stackley*, C17-5368RBL,
    *West v. Sessions*, C17-5426RBL,
    *West v Stackley*, C17-5510RBL.

Two prior cases (purported class actions) against the prior Secretary of the Navy, *West v Mabus*, C16-5191RBL and *West v Mabus*, C16-5204RBL, were dismissed.

ORDER GRANTING MOTION TO DISMISS - 1

1  |  In this case, West complains generally about discrimination based on color and race (and
2  |  perhaps sex), and in retaliation for complaining about discrimination. She specifically claims that
3  |  three "Navy Lawyers," including Alison McKay, engaged in a variety of unethical conduct
4  |  (having "ex parte contacts with EEOC OFO Director Robert Barnhart and EEOC Administrative
5  |  Judge Virginia MaGee"); sharing West's person information across state lines; and practicing
6  |  law without a license):

> Department of Defense-Department of the Navy Lawyers Megan Weiss, Alison L. McKay and David B. Gattis - all participated in violation of Rules of Ex Parte by having infinite and ongoing communications without sharing with my Representative or myself the complainant and owner of the complainants.
>
> Department of Defense-Department of the Navy Lawyers Megan Weiss, Alison L. McKay and David B. Gattis - all participated in violation of the Privacy Act of 1974 by sharing share EEO, PII AND HIPAA's information across states lines-California, Washington, Washington, D. C. and New Hampshire and unknown individuals without the need to know.

[Dkt. #1 at 1]

> Department of Defense-Department of the Navy's EEO'S Officials and Legal Agents did not disclose to me Alison L. McKay was not A Lawyer in the State of Washington or a member of the Washington Bar Association. EEOC OFO Director Robert J. Barnhart, EEOC OFO Director Carlton M. Hadden, EEO Officer Kay Wakabayashi, Human Resource Officer & EEO Officer Rita Birang, EEOC Supervisor Administrative Judge Terrie B. Brodie, EEOC Administrative Judge Virginia M. MaGee, United States Congressional Liaison Richard L. Tift, Agency Authorizing Official Mary P. Argenzio-West, lawyers Megan Weiss and David B. Gattis tried to coverup and conceal Alison L. McKay's Status with the Washington Bar Association as an valid Washington State Bar Association Attorney.

[Dkt. #1 at 2].

West asserts claims for violation of her 5th and 14th amendment rights, violations of her Title VII (42 U.S.C. § 2000 et seq.) rights. She claims she has exhausted her administrative remedies and that she filed this action more than 180 days after she elected to have the EEOC

hear her complaint. She also alleges that McKay violated the Privacy Act. She made similarly conclusory allegations against other non-parties who also appear to be naval attorneys. She mentions Defendant Stackley only once:

> SEAN J. STACKLEY is the Secretary of the United States Navy. As an employer of the Federal Government, the defendant is empowered to prescribe regulations for the operation of the Department of the Navy and the conduct of its employees, and is subject to the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended.

[Dkt. #1; Paragraph 3.2]. She otherwise makes no effort to tie the person she sued to the actions of which she complains.

Stackley seeks dismissal or a more definite statement of West's claims, claiming that she has failed to state a plausible claim.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an

unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id*.

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

West's Response is a regurgitation of her repeated claim that Alison McKay practiced law in this state without a license for 16 years. Even if that were true (and there is no indication that it is), this is wholly insufficient as a matter of law to state a plausible constitutional (or any other) claim by West *against Defendant Sean Stackley*. She does not even address the arguments made by that defendant in his motion to dismiss: she does not mention the Privacy Act, or the "who what when where and how" of her claim that someone improperly sent her medical information to someone else, or why. Her complaint and her Response (and all of her other filings) are simply void of facts. She does not even claim that the *defendant* harmed her; she claims that various lawyers violated their ethical duties. That is not a plausible claim, no matter how liberally her conclusory accusations are read.

The Motion to Dismiss is therefore GRANTED. West has filed 9 complaints related to her employment and its termination. She has filed countless motions and responses, all with the same theme and all with the same fatal flaws. There is nothing that she could add or correct by

way of yet another bite at the apple to cure these defects. Her claims are DISMISSED with prejudice and without leave to amend.

West also asks for a "conference" on all of her cases. Her request appears to be based on the fact that the United States gets more time to respond to a complaint than other defendants, under the Federal Rules of Civil Procedure. She claims that the US attorney representing Stackley is manipulating the time frames to harm her, and points out that *pro se* plaintiffs are entitled to a liberal reading of their filings. While the Court acknowledges the later point, there is no basis for a "conference" about the Rules or the time frames they impose. The Motion for a Conference [**Dkt. #26**] is **DENIED**.

Finally West seeks "recusal" of U.S. Attorney Annette Hayes, for reasons that are not clear:

> With additional research and this matter it has come to my attention that United States Attorney Annette L. Hayes, WSBA # 21007 with her subordinate U.S. Assistant Sarah K. Morehead, WSBA # 29680 (Jenny Anne Durkan, WSBA# 15751 was the previous U. S. Attorney; previous U.S. Assistant Attorney Jamal N. Whitehead, WSBA # 39818) has violated Rules of Civil Procedures, The Washington States Bar Association By Laws, The Seventh Amendment of the United States Constitution and over ruled the Constitution of the United States in the TITLE 28 – "JUDICIARY AND JUDICIAL PROCEDURES" § 503. Attorney General-PRIOR PROVISIONS (a) (b) and § 2284 of title 28, United States Code (Where as one Civil Action against Jefferson B. Sessions not the Department of Justice.). United States Attorney Annette L. Hayes, WSBA # 21007 cannot be impartial or fair. This is clearly a "Conflict of Interest and Obstruction of Justice." See Exhibit 1 (Note: Exhibits to this document are not attached if during discovery a request is made it will be provided.)

[Dkt. #27] West has not made any showing, whatsoever, that any of the defense counsel have or reasonably appear to have any bias or prejudice against her, or that they have engaged in any of

the "violations" of which she vehemently and repeatedly accuses them. The Motion for Recusal [**Dkt. #27**] is **DENIED**.

This matter is closed.

IT IS SO ORDERED.

Dated this 19th day of September, 2017.

Ronald B. Leighton
United States District Judge